**Dr. Joseph T. SKEHAN, Appellant,**

**v.**

**BOARD OF TRUSTEES OF BLOOMSBURG STATE COLLEGE, Dr. Robert Nossen, Dr. Charles Carlson, John Pittenger, Superintendent of Education, Commonwealth of Pennsylvania, and Bloomsburg State College, Appellees.**

**Nos. 81–1094, 81–1299.**

United States Court of Appeals,
Third Circuit.

March 26, 1982.

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, ROSENN,

---

HUNTER, WEIS, GARTH, HIGGINBOT-HAM, SLOVITER and BECKER, Circuit Judges.

## STATEMENT BY CIRCUIT JUDGE ADAMS SUR DENIAL OF PETITION FOR REHEARING OR REHEARING EN BANC

I vote to deny the petition for rehearing in this case. I agree, however, with the American Association of University Professors (AAUP), which filed an amicus brief, that it is unnecessary for this Court to reach the question whether certain AAUP policy statements should be read into Bloomsburg's written policy regarding dismissal of non-tenured faculty members.

Whatever the merit of that contention, it appears previously to have been rejected both by this Court, *see* 590 F.2d 470 at 473 n.1, and by the district court, whose July, 1977 decision merely required the College "to afford [Skehan] a hearing comporting with due process...." 436 F.Supp. 657 at 664. Inasmuch as Skehan did not appeal that portion of the district court's July 1977 order, he would appear to be precluded from raising the issue at this late stage.

When a college has chosen to adopt the policy statements of the AAUP, such statements can serve a valuable function in encouraging the internal resolution of faculty disputes, without the necessity for judicial interference. Thus, because the present case does not squarely and properly raise the issue, I would be reluctant to read the opinion as foreclosing future use of AAUP statements in interpreting ambiguous college teaching contracts.

Circuit Judge A. LEON HIGGINBOT-HAM, Jr., joins in this statement.