675 F.2d 72
 Dr. Joseph T. SKEHAN, Appellant,
v.
BOARD OF TRUSTEES OF BLOOMSBURG STATE COLLEGE, Dr. Robert
Nossen, Dr. Charles Carlson, John Pittenger, Superintendent
of Education, Commonwealth of Pennsylvania, and Bloomsburg
State College, Appellees.
 Nos. 81-1094, 81-1299.
 United States Court of Appeals,
Third Circuit.
 March 26, 1982.
 
 SUR PETITION FOR REHEARING
 Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.
 
 
 1
 The petition for rehearing filed by Appellant, Dr. Joseph T. Skehan, in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing, 3rd Cir., 669 F.2d 142, is denied.
 
 
 2
 STATEMENT BY CIRCUIT JUDGE ADAMS SUR DENIAL OF PETITION FOR
 
 REHEARING OR REHEARING EN BANC
 
 3
 I vote to deny the petition for rehearing in this case. I agree, however, with the American Association of University Professors (AAUP), which filed an amicus brief, that it is unnecessary for this Court to reach the question whether certain AAUP policy statements should be read into Bloomsburg's written policy regarding dismissal of non-tenured faculty members.
 
 
 4
 Whatever the merit of that contention, it appears previously to have been rejected both by this Court, see 590 F.2d 470 at 473 n.1, and by the district court, whose July, 1977 decision merely required the College "to afford (Skehan) a hearing comporting with due process...." 436 F.Supp. 657 at 664. Inasmuch as Skehan did not appeal that portion of the district court's July 1977 order, he would appear to be precluded from raising the issue at this late stage.
 
 
 5
 When a college has chosen to adopt the policy statements of the AAUP, such statements can serve a valuable function in encouraging the internal resolution of faculty disputes, without the necessity for judicial interference. Thus, because the present case does not squarely and properly raise the issue, I would be reluctant to read the opinion as foreclosing future use of AAUP statements in interpreting ambiguous college teaching contracts.
 
 
 6
 Circuit Judge A. LEON HIGGINBOTHAM, Jr., joins in this statement.